# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

               Plaintiff,    :      Case No. 3:04-cr-186
                                           Also Case No. 3:08-cv-098

                                           District Judge Walter Herbert Rice
  - vs -                                  Magistrate Judge Michael R. Merz

DERIC E. MARSHALL,

               Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of Defendant's First Amendment [sic][1] Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 52). The Motion has an attached request to proceed *in forma pauperis* which is moot because there is no filing fee for a § 2255 Motion.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

---

[1] The Magistrate Judge is unable to discern why Mr. Marshall has labeled this as a First Amendment Motion. He has not claimed he is incarcerated in violation of the First Amendment.

1

> response within a fixed time, or take other action the judge may order.

Marshall relies on four recent Supreme Court decisions: *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which held the residual clause of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague; *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016), which held that *Johnson* announced a new substantive rule applicable retroactively to case on collateral review; *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), which held any fact that makes a defendant eligible for the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury; and *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), which held that proof of actual innocence will open the gateway to consideration of habeas corpus claims otherwise barred by the statute of limitations.

It appears that Marshall's claim of actual innocence is based on *Johnson*, since he does not cite any other new evidence of actual innocence. To the extent Marshall makes a claim under *Johnson*, there is no statute of limitations issue, since that case was decided on June 26, 2015, and the statute will not run until the anniversary of the decision. *McQuiggin*, therefore, is irrelevant. *Alleyne* is also irrelevant because *Alleyne* is not to be applied retroactively. *Rogers v. United States*, 561 Fed. Appx. 440 (6th Cir. 2014).

On March 13, 2006, Marshall entered into a Plea Agreement with the United States in this and Case No. 3:04-cr-189 in which he agreed to plead guilty to one count of bank robbery, three counts of armed bank robbery, and one count of using a firearm during and in relation to a crime of violence (Plea Agreement, ECF No. 37, PageID 123). The Plea Agreement recites that the firearm charge carries a mandatory minimum sentence of seven years to be served

consecutively to any other sentence in the case. *Id.* The Judgment does not reflect Marshall was sentenced under the ACCA (ECF Nos. 0, 41). However, the Presentence Investigation Report ("PSR") concluded Marshall qualified as an armed career offender under the Sentencing Guidelines (ECF No. 40, citing PSR at ¶¶ 91-92).

More than two years after judgment, Marshall filed his first § 2255 Motion (ECF No. 45). Magistrate Judge Sharon Ovington recommended the Motion be dismissed as barred by the statute of limitations (Report, ECF No. 47) and Judge Rice adopted that recommendation over Marshall's Objections (ECF Nos. 49, 50).

This is Marshall's second-in-time § 2255 Motion. Second or successive § 2255 motions must be certified by the Sixth Circuit Court of Appeals before the district court may proceed to consider them. 28 U.S.C. § 2255(h). However, a second-in-time § 2255 motion is not second or successive if it raises a claim which arose after the first motion was decided. *Panetti v. Quarterman*, 551 U.S. 930 (2007). *Johnson* claims obviously did not arise until *Johnson* was decided on June 26, 2015, and are therefore not second or successive. *United States v. Waagner,* 2016 U.S. Dist. LEXIS 64091 (S.D. Ohio May 16, 2016).

To determine whether Marshall is entitled to the benefit of the *Johnson* decision, the Court must determine which of his prior convictions qualified as violent felonies under the statute declared unconstitutional in *Johnson*. The pertinent portion of 18 U.S.C. § 924(e) is the boldfaced language below, hereinafter referred to as the "Residual Clause":

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

3

>(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>(ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**;

The prior convictions specifically mentioned as qualifying predicate offenses in ¶ 91 of the PSR are aggravated burglary in the Franklin County Common Pleas Court on May 20, 1990; robbery with a firearm on October 24, 1997, in Osceola County (Florida) Circuit Court October 24, 1997; and attempted robbery with a deadly weapon on June 23, 1998, in Orange County (Florida) Circuit Court.

Aggravated burglary under Ohio law qualified as a predicate ACCA offense only by virtue of the Residual Clause. *United States v. Coleman,* 655 F.3d 480 (6th Cir. 2011); *United States v. Waagner, supra*. However, the Florida convictions for robbery with a firearm and attempted robbery with a deadly weapon both qualify under 18 U.S.C. § 924(e)(2)(B) and the cognate definition in the Sentencing Guidelines as crimes involving use, attempted use, or threatened use of physical force against the person of another. With the aggravated burglary conviction eliminated, ¶ 91 still shows two qualifying predicate offenses. Two prior violent felony offenses are sufficient to qualify under the Sentencing Guidelines. Therefore Marshall's *Johnson* claim is without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this

conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 18, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).