# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:04-cr-186

                                    District Judge Walter Herbert Rice
  - vs -                            Magistrate Judge Michael R. Merz

DERIC E. MARSHALL,

                Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (ECF No. 55) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 54).  Judge Rice has recommitted the matter for reconsideration in light of the Objections (Recommittal Order, ECF No. 56).

Marshall, proceeding *pro se*, filed a Motion to Vacate under 28 U.S.C. § 2255, claiming the benefit of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), is unconstitutionally vague.

The Report notes that Marshall was not sentenced under the ACCA but that the Presentence Investigation Report "concluded Marshall qualified as an armed career offender under the Sentencing Guidelines (ECF No. 40, citing PSR at ¶¶ 91-92)" (Report, ECF No. 54, PageID 178.)  The Report then analyzed the prior convictions on which the PSR depended and

1

concluded that Marshall's Ohio aggravated burglary conviction was a predicate ACCA offense only by virtue of the residual clause and thus eliminated from the calculation by *Johnson*. *Id.* at PageID 179. However, Marshall had two other convictions in Florida for robbery with a firearm and attempted robbery with a deadly weapon, both of which qualified as violent offenses without reference to the residual clause.. *Id.* Because two prior violent felony offenses are sufficient under the Sentencing Guidelines, "Marshall's *Johnson* claim is without merit." *Id.* Now represented by counsel, Marshall objects.

As the Objections points out, the ACCA, 18 U.S .C. § 924(e)(l) states:

> In the case of a person who violates section 922(g) of this title and *has three previous convictions by any court* referred to in section 922(g)(l) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years
> .

(ECF No. 55, PageID 182, emphasis sic). This is consistent with the Report which found that Marshall was not sentenced under the ACCA. Indeed he could not have been because he was not convicted under 18 U.S.C. § 922(g).

Instead, Marshall was sentenced as a career offender under the Sentencing Guidelines which require, inter alia, "at least two prior felony convictions for either a crime of violence or a controlled substance." U.S.S.G. § 4B1.1(a).

The Objections fail to distinguish sentencing under the ACCA and sentencing under the career offender portion of the Guidelines. Since Marshall qualified under the latter, the Objections are without merit.

The Magistrate Judge therefore again respectfully recommends the § 2255 Motion be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should

be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 10, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).